FILED

2008 MAY 12  PM 3:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY _____

**ROBERT MANN**, SBN 48293
**DONALD W. COOK**, SBN 116666
ATTORNEYS AT LAW
E-Mail: manncook@earthlink.net
3435 Wilshire Boulevard., Suite 2900
Los Angeles, California 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

**CYNTHIA ANDERSON-BARKER**, SBN 175764
LAW OFFICE OF CYNTHIA ANDERSON-BARKER
E-Mail: cablaw@hotmail.com
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
(213) 381-3246

**ELLEN HAMMILL ELLISON**, SBN 141429
LAW OFFICE OF ELLEN HAMMILL ELLISON
E-Mail: ellenellison1116@yahoo.com
3435 Wilshire Blvd., Suite 2900
Los Angeles, California 90010
(213) 365-8225

**OLU ORANGE**, SBN 213653
ORANGE LAW OFFICES
E-Mail: o.orange@orangelawoffice.com
6080 Center Drive, Sixth Floor
Los Angeles, California 90045
Telephone: (310) 815-8600
Facsimile: (775) 416-9221

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manuel Herrera, Humberto Herrera, Gerardina Herrera,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Maywood, Maywood-Cudahy Police Department,  Bruce Leflar, Paul Pine, Serrata, and Does 1-30,<br><br>Defendants. | Case No. **CV08-03106 CW VBKx**<br><br>**CIVIL RIGHTS and RICO COMPLAINT WITH INJUNCTIVE AND STATE LAW CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1.  This is a RICO and civil rights action brought under 42 U.S.C. §1962, 42

-1-

00031949.WPD

U.S.C. §§1983 and 1985, and various related state laws by Plaintiffs against the City of Maywood, the Maywood-Cudahy Police Department, and their employees individually and in their official capacities, for injunctive relief and compensatory and punitive damages because of a continuing systematic abuse of authority, including but not limited to unlawful searches and seizures of person and property; wrongful detentions and arrests, false imprisonments, malicious prosecutions, cover ups, false report writing, use of excessive and unnecessary force, sexual assaults and other acts of lawlessness. Plaintiff(s) first filed this action in *Gonzalez v. City of Maywood*, CV 07 3469 ODW (Shx), on May 29, 2007; on January 28, 2008, the Court ordered the Plaintiffs' actions be severed and refiled as a separate case.

## JURISDICTION

2.  This case is brought pursuant to 18 U.S.C. § 1961 and 42 U.S.C. §§ 1983, 1985 and 1986. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1-4). This court also has supplemental jurisdiction over the state claims and over defendants pursuant to 28 U.S.C. § 1367. Plaintiffs are victims of City of Maywood employees acting under color of law and within the scope of their authority and pursuant to the policies and practices of the entities.

## VENUE

3.  The claims alleged herein arose from events or omissions occurring in the County of Los Angeles. Therefore, venue lies in the Central District of California. 28 U.S.C. 1391(b)(2).

## PLAINTIFFS

4.  Plaintiffs are residents of the County of Los Angeles, State of California. At all times material to this complaint, Plaintiffs were private persons in the State of California, United States of America.

00031949.WPD

**DEFENDANTS**

5.  Plaintiffs are informed and believe and thereon allege that at all times herein mentioned defendants City of Maywood, the Maywood-Cudahy Police Department, and Does 1 through 5, were and are public entities duly organized and existing as such under the laws of and within the State of California under the laws of the United States and the laws of the State of California.

6.  Plaintiffs are informed and believe and thereon allege that at all times herein mentioned defendants Bruce Leflar, Paul Pine, and Does were and/or are police supervisors and/or policymakers for the City of Maywood, the Maywood-Cudahy Police Department and Does 6 through 15, and in such capacity were/are managers and/or chief administrators and/or policy makers.  The named entities, supervisors and Does are responsible for, among other things, the employment, discharge, training, supervision, control, assignment and discipline of all sworn and civilian personnel of their entities and the formulation, promulgation, adoption, application, implementation, administration, enforcement and revocation of the policies and practices of the named entities and Does.

7.  Plaintiffs are informed and believe and thereon allege that the actions of named and Doe supervisors were committed while employed by the entities and represent the customs, practices and policies of the entities.  The acts herein described and complained of were committed and done pursuant to policies, rules, regulations, practices, customs, and/or usages (hereinafter "policies and practices") of the entities and were created and enforced by the managers and/or supervisors and/or policy makers.

8.  Plaintiffs are informed and believe and thereon allege that the defendants Serrata and Does are individual officers or agents of the City of Maywood and/or the Maywood-Cudahy Police Department and/or others at the times of the acts herein

00031949.WPD

complained of.

9. The true names and capacities of defendants Does 1-30 are presently unknown to plaintiffs; who therefore sue each of these defendants by such fictitious names; but upon ascertaining the true identity and/or liability of a defendant Doe, Plaintiffs will amend this Complaint or seek leave to do so by inserting the true name in lieu of the fictitious name. Plaintiffs are informed and believe and thereon allege that each defendant Doe herein is in some manner responsible for the injuries and damages herein complained of.

## INCORPORATION

10. The above paragraphs are hereby repeated, realleged and incorporated by this reference in each cause of action.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. On approximately July 30, 2005, Seratta and other unknown Doe officers wrongfully entered the home of Manual Herrera, Humberto Herrera and Gerardina Herrera, at 4615 East 58th Street Maywood, California, and wrongfully detained, arrested, searched, assaulted, battered, threatened and prepared false official reports for the purpose of covering up their wrongful actions and maliciously prosecuting Plaintiffs. Before the incident started Martin Herrera told his family that there was someone in the yard with a gun, maybe police. Serrata was in plaintiffs' yard in plain clothes. He did not identify himself as a police officer. As Serrata backed out of the yard and shut the gate he pointed his gun at Plaintiffs. More police arrived. Serrata reentered Plaintiffs' yard. Serrata and other unknown Maywood-Cudahy police officers threw Manual and Humberto Herrera to the ground, handcuffed them, used abusive language, told them to shut up when they asked why this was happening, struck them while handcuffed, and threw Manual against the police car when Manual was recognized by Serrata as

00031949.WPD

someone Serrata had ticketed a few weeks before.  Serrata and 5 to 8 other unknown Doe officers then unlawfully entered plaintiffs' home. Gerardina Herrera was screaming for police to stop hurting her son and husband.  Police pointed guns at Plaintiffs. Defendants threw Gerardina Herrera onto her couch, handcuffed, and told to shut up. Humberto Herrera was humiliated in front of his neighbors when Serrata and other unknown Doe officers walked Humberto in his underwear around the neighborhood and put him in the patrol car. Manual and Humberto Herrera were acquitted on felony charges falsely made by Serrata and other police officers after having to post bail of $25,000.00. Plaintiffs are informed and believe and thereon allege that defendants committed these wrongful acts because they believed in the existence of and actively participated in the code of silence in the Maywood/Cudahy Police Department allowing them to engage in wrongful conduct and obstruct justice with impunity.

12.   Plaintiffs are informed and believe and thereon allege that defendants' wrongful conduct included but is not limited to fraud, fraud by wire, obstruction of justice, kidnaping and bribery.

13.  Plaintiffs are informed and believe there are numerous other similar victims of defendants' wrongful acts who are afraid to seek, and/or unable to seek redress because of their reasonable fears of retaliation, and/or because they are recent immigrants who are reasonably concerned about the lawfulness of their status, and/or because they are unable to find representation.

14.  Plaintiffs complied with the provisions of the California Tort Claims Act.

### The Maywood Police Department

15.   Plaintiffs are informed and believe and thereon allege that the Maywood-Cudahy Police Department has for years been a department composed of persons not conforming their conduct to the requirements of the law, or to established

00031949.WPD

standards of proper police practices.

16. Plaintiffs are informed and believe and thereon allege that the defendants, officers and supervisors within the Maywood-Cudahy Police Department, invidiously singled out, targeted and violated the rights of recent immigrants and/or persons defendants perceived to be recent immigrants because defendants knew that recent immigrants were easy victims, afraid to exercise their rights, and readily subject to retaliation if they attempted to exercise their rights.

17. Plaintiffs are informed and believe and thereon allege that the violations of individuals' rights by Maywood-Cudahy officers occurred not because of a few "bad apples" but is instead the result of a culture of lawlessness permeating the entities and constituting and/or proximately caused by their routine practices, including a code of silence and conspiracy to obstruct justice.

18. Plaintiffs are informed and believe and thereon allege that the Maywood-Cudahy police department regularly hires police officers who have been pushed out of other law enforcement agencies for crimes or serious misconduct, including but not limited to: A former Los Angeles County sheriff's deputy terminated for abusing jail inmates; a onetime Los Angeles Police Department officer fired for intimidating a witness; and an ex-Huntington Park officer charged with negligently shooting a handgun and driving drunk.

19. Plaintiffs are informed and believe and thereon allege, based in part upon allegations contained in a Superior Court complaint filed by Maywood-Cudahy Officer Pablo Cunningham, one of the named defendants in this action (and in many other federal civil rights actions, as alleged below), that supervisors required officers to "engage in racial profiling and quotas," and that Cunningham was "threatened by [ Police Chief Bruce] Leflar with loss of his job after he refused to engage in racial

00031949.WPD

profiling." Plaintiffs are informed and believe that Cunningham was fired by the Maywood-Cudahy Police Department and then rehired because he threatened to expose improprieties within the department.

20.   Plaintiffs are informed and believe and thereon allege, as pleaded by Defendant Cunningham his Superior Court complaint, that defendants covered up misconduct including excessive force, promoted a code of silence and conspiracy to obstruct justice, hired people unfit to be officers (for improper reasons, including but not limited to their connections to other City officials), extorted people for sex, and took kickbacks and bribes.

21.   Plaintiffs are informed and believe and thereon allege that official public records document that Pine resided in an apartment owned by the proprietors of a tow yard. Plaintiffs are informed and believe  that the tow yard owner is Maywood Club Tow.

22.   Plaintiffs are informed and believe that Pine was permitted to live in the apartment as a quid pro quo for Pine's assistance in causing the towing, impoundment, and sale of vehicles, for the illicit gain of Pine, the City of Maywood, the Maywood-Cudahy Police Department, Does, and others.

23.   Plaintiffs are informed and believe and thereon allege that Maywood Club Tow and/or its owners and/or Does gave money and/or things of value to defendants as a quid pro quo for the assistance and cooperation of defendants in causing the towing, impoundment, and sale of vehicles.

24.   Plaintiffs are informed and believe  that governing officials of the City of Maywood  received money and/or things of value from Maywood City Tow and/or its owners, and/or Does as a quid pro quo for, among other things, starting, continuing, implementing and/or protecting defendants' illicit vehicle towing scheme.

25.  Plaintiffs are informed and believe  that the Cities of Maywood and Cudahy and the Maywood-Cudahy Police Department did a land-office business with Maywood Club Tow, towing, impounding, confiscating, and selling vehicles, and reaping huge profits in doing so, and that Pine and other defendants were personally involved in this illicit, fraudulent and criminal practice, including the conduct of supposed hearings to determine whether vehicles should be returned to their owners.  The involvement of defendants including Pine in the hearings made them unfair and deprived vehicle owners of due process of law.

26.  Plaintiffs are informed and believe and thereon allege that existence of graft and corruption, and the knowledge of the graft and corruption, within the Maywood-Cudahy Police Department and the City of Maywood, including but not limited to the illicit, fraudulent and criminal scheme to tow, impound and sell vehicles, made it difficult and/or impossible for any supervisor to exercise meaningful supervision and/or to discipline officers who abused people and violated the law, for fear that officers would blow the whistle on the corruption and nepotism including but not limited to the vehicle towing scheme, if any meaningful discipline were threatened or imposed and proximately caused, fostered and contributed to the code of silence and conspiracy to obstruct justice within the department.

27.  Plaintiffs are informed and believe that the code of silence and defendants' conspiracy to obstruct justice, and an absence of meaningful supervision and discipline, was each a proximate cause of defendants' violations of Plaintiffs' rights.

28.   Plaintiffs are informed and believe and thereon allege that the Maywood-Cudahy Police Department does not have adequate procedures to supervise and/or discipline its employees, including but not limited to the following:

a.   Inadequate reporting requirements, including but not limited to

inadequate use-of-force reporting;

      b.   Inadequate procedures for documenting and investigating citizens' complaints, including but not limited to refusing to accept citizens' complaints, failing adequately to documents citizens' complaints, failing to investigate citizens' complaints, and failing to respond to court orders requiring defendants to disclose citizens' complaints.

29.   Failures by all the supervisor, manager and policy-making defendants to provide oversight over the Maywood-Cudahy police, to make them follow the requirements of the Constitution, and/or to stop officers from making false charges against innocent persons and lying to support false charges, among other things, make those defendants liable to plaintiffs.

30.  Plaintiffs are informed and believe  that all the injunctive relief prayed for in this complaint is necessary to stop the wide-scale violation of peoples' rights by defendants.

**Scope and Nature of Allegations**

31.   Plaintiffs are informed and believe and thereupon alleges that officials, supervisors, policy makers and other individuals with the authority to set or modify municipal and/or departmental policy, dejure or defacto, of Defendant City of Maywood, participated in, approved of, ratified and/or failed to prevent the acts by Defendants City of Maywood, Maywood-Cudahy Police Department, Bruce Leflar, Paul Pine, Cunningham and Does 1-30, complained of by Plaintiffs.

32.  Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the defendants; including officials, supervisors, watch commanders and other policy makers from Defendant City of Maywood; was the agent, employee or co-conspirator of one other, some, or all of their Co-defendants. Plaintiffs are informed

00031949.WPD

believe and thereupon allege that each of the defendants, acting individually, and in concert with each other, engaged in a common plan wrongfully to deprive Plaintiffs of Plaintiffs' rights to: security in Plaintiffs' person, property and effects, freedom from unreasonable searches and seizures, equal protection and due process of law, and of the right to seek redress and obtain compensation for the wrongs committed against Plaintiffs.

33.    In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all defendants were acting pursuant to a defacto policy and within the scope of such agency, employment and conspiracy and with full permission, knowledge, approval, ratification and support of each other.

**Damages**

34.    By reason of the aforementioned acts of defendants, and each of them, Plaintiffs were injured in Plaintiffs' health, strength and activity, sustained great mental pain, suffering and shock to Plaintiffs' nervous systems, torment, anxiety, anguish, humiliation and severe emotional distress, all to Plaintiffs' damage in an amount according to proof at trial.  As a proximate result of the foregoing wrongful acts of defendants, and each of them, property belonging to Plaintiffs were damaged and destroyed in an amount according to proof.

35.    Plaintiffs are informed and believe and thereon allege that, by reason of the aforementioned acts of defendants and each of them, Plaintiffs were and/or will in the future be required to receive hospital, medical, doctor, nursing, dental and psychological care and treatment, and by reason thereof, will incur expenses related thereto in an amount according to proof at trial.

36.    By reason of defendants' wrongful acts, Plaintiffs were injured in Plaintiffs'

00031949.WPD

businesses and/or property, including but not limited to being unable to work and earn money, and Plaintiffs will in the future be injured in Plaintiffs' business and/or property by sustaining a loss and impairment of earnings and earning capacity, in an amount according to proof at trial. By reason of defendants' code of silence and conspiracy to obstruct justice, defendants have damaged, impaired and reduced the value of Plaintiffs' property interests, including but not limited to Plaintiffs' property interest in his right and/or causes of action to obtain redress and compensation for the wrongs committed against Plaintiffs.

37. Defendants acts were done and committed by each individual defendant knowingly, deliberately and maliciously with the intent to oppress, injure and harass Plaintiffs (with the exception of the claims by Plaintiffs based on negligence) and with reckless indifference to Plaintiffs' civil rights, personal security and safety, and by reason thereof, Plaintiffs prays for punitive and exemplary damages from and against individual defendants and each of them in an amount according to proof at trial.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**BY PLAINTIFFS AGAINST ALL DEFENDANTS**
**(Violation of RICO Statute - 18 U.S.C. §§ 1962(c), (d))**

38. This cause of action is brought by Plaintiffs for treble damages for injury to his business or property including but not limited to lost employment and accrued interest resulting from the conduct alleged herein, which violates the provisions of 18 U.S.C. §§ 1961-1968 (hereafter "RICO").

39. The following constitute an enterprise within the meaning of RICO generally and 18 U.S.C. § 1961(4) specifically:

    a. The Maywood-Cudahy Police Department;

b.  The City of Maywood;

c.  Maywood Club Towing Company;

d.  The Association in Fact of defendants City of Maywood, Maywood-Cudahy Police Department, Maywood Club Towing Company ("the AIF Enterprise").

40.  Plaintiffs are informed and believe and thereon allege that each enterprise alleged herein is an entity distinct from the pattern of racketeering activity alleged herein; is or was an ongoing organization, formal or informal; and functions or functioned as a continuing unit, to wit:

a.  The City of Maywood is a public entity with a formal structure and capacity engaging in a wide range of activities, only part of which entails the pattern of racketeering activity alleged in this complaint. The defendants charged with operating it under 42 U.S.C. § 1962 (c) were animated by, among other things, engaging in bribery, obstruction of justice, and fraud.

b.  The Maywood-Cudahy Police Department is a subdivision of the City of Maywood and City of Cudahy whose charge is enforcement of the laws of the State of California and the Cities of Maywood and Cudahy, in which capacity it has a formal structure and engages in a wide range of activities, only part of which entails the pattern of racketeering activity alleged in this complaint. The defendants charged with operating it under 42 U.S.C. § 1962 (c) were animated by, among other things, bribery, extortion, obstruction of justice, and kidnaping.

c.  Maywood Club Towing Company is a formally organized business entity engaged in the business of towing and impounding vehicles under a variety of circumstances, only part of which entails the pattern of racketeering activity alleged in this complaint. The defendants charged with operating it under 42

U.S.C. § 1962 (c) were animated by, among other things, the common purpose of unlawfully impounding vehicles in order to collect and receive the illegal charges resulting from the impound, and implemented the illegal scheme by mail fraud and bribery.

d.  The AIF Enterprise had an ascertainable structure, comprised of the Maywood-Cudahy Police Department, Maywood Club Towing Company, and the key individuals who directed the enterprise's unlawful activities which included but are not limited to Pine and Does. This structure was distinct from the pattern of racketeering activity in that the enterprise's activities encompassed both lawful and unlawful activities. The AIF Enterprise's associates were animated by common purposes, including but not limited to unlawfully and fraudulently impounding vehicles to collect and receive the illegal charges resulting from the impound and receive kickbacks, and to cover up and conceal their activities by obstructing justice in state and federal civil and criminal proceedings by means of a code of silence. The AIF Enterprise functioned as a continuing unit with continuity in both structure and personnel.

41. The activities of the enterprises affect interstate commerce in numerous ways, including but not limited to: 1) the use of interstate mail, telephone and wires (including transmission and dissemination of false arrests and false criminal charges); 2) the purchase of materials for use in the enterprises which materials were in the stream of interstate commerce; 3) the provision of federal funds to the Maywood-Cudahy Police Department, received through the stream of interstate commerce; 4) oversight by federal governmental entities of various of the activities of the Maywood-Cudahy Police Department and/or the City of Maywood, involving interstate travel and the expenditure of funds through the stream of interstate commerce; 5) the interstate travel of various

00031949.WPD

of the owners of impounded vehicles to retrieve their impounded vehicles or attempt to do so; 6) the travel, paid from proceeds of the pattern of racketeering activity alleged herein, of members of the Maywood-Cudahy Police Department from California to Las Vegas; 7) the purchase of tow trucks, and gasoline and equipment for said trucks, used in furtherance of the pattern of racketeering activity alleged herein that reached the purchasers through the stream of interstate commerce.

42.    Defendants' racketeering activities included but are not limited to the following:

a.  Condoning and encouraging the fabrication of evidence including but not limited to the filing of materially false police reports in tended to be used in state and federal civil and criminal proceedings;

b.  Condoning and encouraging a "code of silence,"  which keeps and/or dissuades employees from reporting the misdeeds of fellow employees, and/or causes and/or facilitates the preparation, submission and use of false official reports, and/or making false official statements, and/or perjury; and which thereby obstructs justice in official proceedings, including but not limited to state and federal criminal investigations and proceedings, and/or state and federal civil investigations and proceedings;

c.  Condoning and encouraging officers in the belief that their failure or refusal to participate in the "code of silence" or to cover up or conceal the misconduct of other officers will cause them to be ostracized by other officers, will adversely affect their ability to get support from other officers in dangerous and/or life-threatening situations in the field and will adversely affect their opportunities for promotion and other employment benefits, and which thereby obstructs justice in official proceedings, including but not limited to state and

federal criminal investigations and proceedings, and/or state and federal civil investigations and proceedings;

d. Condoning and encouraging the acceptance of "gratuities," "kickbacks," and/or other wrongful and/or illicit compensation, which has the effect of strengthening defendants' code of silence and conspiracy to obstruct justice by making all department employees, including but not limited to supervisors, vulnerable to accusations of misconduct and unable and/or unwilling to accurately report misconduct, and/or to supervise and/or discipline subordinates.

43.   Plaintiffs are informed and believe that defendants' code of silence and conspiracy to obstruct justice is and was operative in many state and federal proceedings, including but not limited to the following federal cases:

a.  *Jose Rodriguez and Guillermo De La Torre  v. City of Maywood*,  CV 99-9898 CBM (Ex);

b.  *Ortiz v. City of Maywood, Pablo Cunningham, et.al.*,CV 06-3622 DSF (FMOx);

c.  *Flores v. City of Maywood, Pablo Cunningham*, CV 04-7565 GPS (Ex)

d.  *Pacheco v. City of Maywood, Pablo Cunningham, et.al.*, CV 06-7613 PSG (FFMx);

e.  *Cruz v. City of Maywood, Paul [Pablo] Cunningham*, CV 07-1999 PSG (JCx);

f.  *Sena  v. City of Maywood, et.al.*, CV 07-1724 AHM (Jcx);

g.  *Trujillo v. City of Maywood, et.al.*, CV 06-2738 PA (VBKx);

h.  *Gonzalez v. City of Maywood, et.al.*, CV 05-6953 RJK (VBKx);

i. *Anderson (Estate) v. City of Maywood, et.al.*, CV 04-10119 RGK (Shx);

j.  *Densmore v. Maywood, et.al.*, CV 06-3535 PSG (RZx).

## SECOND CAUSE OF ACTION
### (Violation of Civil Rights - 42 U.S.C. § 1983)
### *Monell* and Supervisorial Liability

44.  Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, above named defendants with deliberate indifference, gross negligence and/or reckless disregard for the safety, security and constitutional and statutory rights of Plaintiffs maintained, enforced, tolerated, permitted, acquiesced in, and/or applied *inter alia* policies and practices which included directing and controlling the unlawful acts complained of herein.

45.  Said defendants and each of them, acting under color of state law, have deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution and laws of the United States, in particular by the First, Fourth, Fourteenth Amendments to the United States Constitution by *inter alia* maintaining, enforcing, tolerating, permitting, acquiescing and, and/or applying the policies and practices set forth above. As a direct and proximate result of those policies and practices, Plaintiffs sustained injury and damage as described herein.

46.  Plaintiffs are informed and believe and thereon allege that the supervisorial defendants ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, and practices set forth above.  Defendants' conduct alleged herein constitutes a pattern of illicit law enforcement behavior, and statutory and constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard for the safety, security and constitutional and statutory rights of Plaintiffs which violations include:

a.  Stopping, detaining, and/or arresting people and/or entering homes, and/or searching and/or seizing property and people, without required warrants,

reasonable suspicion and/or probable cause;

b.  Using unreasonable and/or excessive force;

c.  Allowing and/or encouraging employees to brutalize, hurt and/or injure members of the public, by failing to require effective use-of-force training, supervision, discipline and reporting, including but not limited to not requiring employees to report uses of force, by permitting and/or encouraging false and/or misleading and/or incomplete reporting, and/or by failing adequately to monitor employee uses of force;

d.  Condoning, tolerating and/or acquiescing in officers' engaging in racist conduct and/or racially motivated attacks on minority members of the community, and/or using racist speech when speaking with minorities and/or denigrating the race and/or nationality of minority members of the community;

e.  Condoning, tolerating and/or acquiescing in officers' sexually abusing members of the community, including minors;

f.   Failing adequately to investigate incidents involving the use of unreasonable force and/or other misconduct;

g.  Conducting investigations in such a manner as to conceal misconduct, including but not limited to using investigative techniques and procedures known to have that effect;

h.  Condoning and encouraging the fabrication of evidence including but not limited to the filing of materially false police reports;

i.  Condoning and encouraging a "code of silence,"  which keeps and/or dissuades employees from reporting the misdeeds of fellow employees, and/or causes and/or facilitates the preparation, submission and use of false official reports, and/or making false official statements, and/or perjury; and which thereby

obstructs justice in official proceedings, including but not limited to state and federal criminal investigations and proceedings, and/or state and federal civil investigations and proceedings;

j. Condoning and encouraging officers in the belief that their failure or refusal to participate in the "code of silence" or to cover up or conceal the misconduct of other officers will cause them to be ostracized by other officers, will adversely affect their ability to get support from other officers in dangerous and/or life-threatening situations in the field and will adversely affect their opportunities for promotion and other employment benefits, and which thereby obstructs justice in official proceedings, including but not limited to state and federal criminal investigations and proceedings, and/or state and federal civil investigations and proceedings;

k. Condoning and encouraging the acceptance of "gratuities," "kickbacks," and/or other wrongful and/or illicit compensation, which has the effect of making supervisors within the department vulnerable to accusations of misconduct and unable and/or unwilling to effectively supervise and/or discipline subordinates;

l. Hiring individuals who are unsuited for police work, including but not limited to hiring individuals who have been fired or disciplined by other law enforcement agencies because they engaged in misconduct; and/or failing to conduct appropriate and/or required background investigations.

47. Defendants and each of them, acting under color of state law, have deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution and laws of the United States, in particular by the First, Fourth, and Fourteenth Amendments to the United States Constitution by *inter alia* maintaining, enforcing, tolerating, permitting, acquiescing and, and/or applying the policies and practices set forth above. As a direct

and proximate result of those policies and practices, Plaintiffs have sustained injury and damage as described hereinafter.

48.   Plaintiffs are informed and believe and thereon allege that defendant entities and supervisorial defendants ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, and practices set forth above.  Defendants' conduct alleged herein constitutes a pattern of intimidation, illicit law enforcement behavior, and statutory and constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard for the safety, security and constitutional and statutory rights of Plaintiffs.

**THIRD CAUSE OF ACTION**
**(Violation of Civil Rights -  42 U.S.C. § 1983)**
**Against All Individually Named Defendants**

49.   Defendants and each of them, acting under color of state law, did without probable cause and by use of excessive force unlawfully detain, arrest, batter, search, molest and write false reports about Plaintiffs, and did do all of the above in a conspiratorial manner for the purpose of illegally obtaining criminal conviction(s) against Plaintiffs and to conceal their own wrongdoing and did also do so to intimidate Plaintiffs' witness(es) in said criminal prosecutions for the same improper purposes, all of which were intended with deliberate indifference of and reckless disregard for Plaintiffs' constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. As a direct and proximate result of defendants' acts, Plaintiffs sustained injury and damage as set forth herein.

///

///

///

**FOURTH CAUSE OF ACTION**
**(Violation of 42 U.S.C. §1985(2))**
**Against All Individually Named Defendants**

50.  Defendants, and two or more of them, in the State of California, County of Los Angeles, and City of Maywood-Cudahy, by reason of Defendants' animus against minorities, including Plaintiffs' Latino heritage and invidious animus, conspired together to act and to fail and omit to act as hereinbefore alleged, for the purpose of (I) impeding, hindering, obstructing, and defeating the due course of justice in the State of California and County of Los Angeles, (ii) to deny Plaintiffs Plaintiffs' right to free speech, (iv) to deny equal protection of the laws to Plaintiffs and (v) to subject Plaintiffs' persons and property to unlawful search and seizure thereby depriving Plaintiffs of immunities secured by the Constitution and the laws of the United States, including the First, Fourth and Fourteenth Amendments to the Unites States Constitution, by, *inter alia*, ordering, authorizing, maintaining, enforcing, tolerating, ratifying, permitting, acquiescing in, and/or applying the policies and practices set forth hereinabove.  Defendants' conspiracy was and is motivated by animus directed against Plaintiffs because of Plaintiffs' race, color or national origin, and/or by the race, color, or national origin of persons with whom they associated, and/or by other class-based, invidiously discriminatory animus directed against Plaintiffs.  In furtherance of the conspiracy one or more of the defendants committed one or more of the overt acts set forth hereinabove which did in fact deprive Plaintiffs of equal rights, privileges or immunities.

51.  Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiffs equal protection of the laws in the following respects:

      a.  to deny the right to be free from unreasonable search and seizure;

      b.  to deny the right not to be deprived of life, property or liberty without

due process of law;

c. to deny the right of free speech;

d. to be free from use of excessive force.

52. By virtue of the foregoing, defendants, and each of them, violated 42 U.S.C. §1985(2).

53. As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demand and is entitled to the damages recited above, including, but not limited to, general and punitive damages (except entities) and attorney's fees.

### FIFTH CAUSE OF ACTION
### (Violation of 42 U.S.C. §1985(3))
### Against All Individually Named Defendants

54. By virtue of the foregoing, Defendants, and two or more of them, conspired for the purpose of:

a. depriving Plaintiffs of (1) equal protection of the law; and (2) liberty and property without due process of law.

55. Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiffs were deprived of the rights and privileges as set forth above.

56. As a direct and proximate result of the foregoing, Plaintiffs are entitled to and demands damages against defendants, jointly and severally, as recited in the First and Second Causes of Action, including, but not limited to, general and punitive damages (except entities) and attorneys fees.

///

///

///

00031949.WPD

### SIXTH CAUSE OF ACTION
### (California Constitution, Article I, §§ 1, 7, and 13)
### Against All Defendants

57.    The conduct of each defendant in detaining, searching, arresting, and assaulting Plaintiffs and in threatening and in doing or failing to do the other wrongful acts herein alleged was done for the purpose of interfering with and attempting to interfere with Plaintiffs' rights to freedom of expression, to be free from unreasonable invasions of their privacy and unreasonable search and seizure, and to be accorded due process and equal protection under Article I, §§ 1, 7 and 13 of the California Constitution.

### SEVENTH CAUSE OF ACTION
### (California Civil Code §52.1)
### Against All Defendants

58.    The conduct of each defendant in detaining, searching, and assaulting Plaintiffs and in threatening and in doing or failing to do the other wrongful acts herein alleged was done for the purpose of interfering with and attempting to interfere with Plaintiffs' rights under the First, Fourth and Fourteenth Amendments and Plaintiffs' right to freedom of expression, to be free from unreasonable invasions of his privacy and unreasonable search and seizure and accorded due process and equal protection under Article I, §§ 1, 7, 12, and 13 of the California Constitution, and for that reason violated Plaintiffs' rights under California Civil Code Section 52.1(b). Plaintiffs are informed and believe and thereon allege that the defendants' wrongful acts were done maliciously and criminally and for the purpose of inflicting injury on Plaintiffs.

59.    As the proximate cause of defendants' and each of their conduct as hereinbefore alleged, Plaintiffs have been damaged in an amount not presently ascertained, but subject to proof at trial.

60.    Plaintiffs are informed and believe and thereon allege that Defendants' and

00031949.WPD

each of their conduct was malicious, willful, fraudulent and oppressive, done with a conscious disregard for Plaintiffs' rights and with the intent to injure Plaintiffs, thereby justifying the award of exemplary damages (except for entities) in a sum to be determined according to proof.

**EIGHTH CAUSE OF ACTION**
**(California Civil Code Section 51.7)**
**Against All Defendants**

61.   Plaintiffs are informed and believe and thereon allege that the conduct of each defendant in using force upon and injuring Plaintiffs and in threatening and attempting to use force upon and injure Plaintiffs, and in doing or failing to do the other wrongful acts herein alleged was motivated by defendants' invidious racial and/or ethnic and/or other impermissible animus toward Plaintiffs, and for that reason violated Plaintiffs' rights under California Civil Code § 51.7. Plaintiffs are informed and believe and thereon allege that the defendants' wrongful acts were done maliciously and criminally and for the purpose of inflicting injury on Plaintiffs.

**NINTH CAUSE OF ACTION**
**(Assault and Battery)**
**Against all Defendants**

62.   At the date, time and location, defendants, and each of them, as either employees, supervisors or employees in the course and scope of their duties intentionally and maliciously abused Plaintiffs by reason of the acts alleged herein above causing Plaintiffs, without provocation, necessity or lawful justification, to suffer said violations of their civil rights.

63.   As a proximate result of the acts of defendants, and each of them, as herein alleged, Plaintiffs were compelled to expend money all to their damage in an amount according to proof.

64.   As a proximate result of the acts of defendants, and each of them, Plaintiffs

-23-

were injured in health, strength and activity, sustaining injuries to body and shock and injury to nervous systems and persons; all of which injuries have caused Plaintiffs to suffer severe pain and mental anguish.

65.   As a further proximate result of the acts of defendants, and each of them, Plaintiffs were required to and/or did employ physicians and surgeons for medical examination, treatment and care of injuries, and did incur medical and incidental expenses.  Plaintiffs did incur and will incur further treatment, the exact amount of which is unknown at this time.

66.   As a further proximate result of the acts of defendants, Plaintiffs were prevented from attending to his usual occupations and thereby lost earnings and income.

67.   The acts of defendants, and each of them, were willful, malicious and oppressive, in conscious disregard of Plaintiffs' known rights and thereby justify the awarding of exemplary damages (except entities) according to proof.

**TENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**Against all Defendants**

68.   Plaintiffs were entitled to the due care, service and protection of the entities and their officers and medical staff.

69.   On or about the dates alleged above and thereafter, Defendants caused the Plaintiffs to be unlawfully detained, seized, beaten and/or otherwise abused without reasonable cause or justification.

70.   In doing the aforementioned acts, defendants' conduct was intentional, outrageous, malicious, and done for the specific purpose of causing Plaintiffs to suffer extreme emotional distress, indignity, fear, anxiety, and mental anguish.

71.   As a direct and proximate result of the foregoing, Plaintiffs have suffered, and continue to suffer, severe mental, emotional and physical distress and are entitled to and

demands damages against defendants.

## ELEVENTH CAUSE OF ACTION
### (Negligent Employment Civil Code §1714)
### Against Entities and Supervisor Defendants

72.  Defendant entities and supervisor defendants knew or in the exercise of due care should have known, that individually named defendants and Does 1 Through 30 inclusive, and each of them, had a propensity, character trait, and practice for dishonesty, deception, abuse of authority, harassment, and violence without justification against Plaintiffs and other members of the public.

73.  At all times material herein, said Defendant entities and supervisors knew or with reasonable care should have known, that the aforedescribed traits of character, practices and propensities of defendants and Does 1 through 30 inclusive, and each of them, made them unfit to serve as law enforcement officers.

74.  Notwithstanding such knowledge, Defendant entities and supervisors negligently and carelessly employed and retained and failed to properly supervise, train and control defendants and Does 1 through 30 inclusive, and each of them, as employees and assigned said defendants to duties which enabled each of them to abuse their authority, including but not limited to making unlawful detentions and arrests by use of excessive force, warrantless arrests, fabricating probable cause and crimes, causing the fraudulent and malicious criminal prosecution of innocent persons while purporting to act under the color of law.

75.  As a proximate result of the negligent retention and supervision of defendant entities and supervisors and each of them, Plaintiffs suffered damages and injuries, including but not limited to false arrests/detentions, beatings, malicious prosecutions, severe mental anguish, emotional distress, severe embarrassment, financial losses, all to the Plaintiffs' damage in a sum according to proof.

00031949.WPD

## TWELFTH CAUSE OF ACTION
### (Negligence/Civil Code § 1714))
### Against All Defendants

76.   Plaintiffs allege that by the actions or omissions set forth above, all defendants failed to use and exercise reasonable care as is required by Civil Code § 1714.  In particular, defendants failed to exercise reasonable care in its conduct in the exercise of their duties.

77.  As a proximate result of the negligence and carelessness of defendants, and each of them, Plaintiffs suffered damages as alleged above  in a sum according to proof.

### INJUNCTIVE RELIEF

78.  Plaintiffs are informed and believe and thereon allege that, unless enjoined, as requested in the prayer, defendants will continue to engage in the unlawful acts and in the policies and practices described above, in violation of the legal and constitutional rights of the Plaintiffs. Plaintiffs face the real and immediate threat of repeated and irreparable injury and continuing, present adverse effects as a result of the unlawful misconduct, policies and practices of the defendants.  Plaintiffs have no adequate and complete remedy at law.

### PRAYER

Wherefore, Plaintiffs pray judgment against defendants and each of them, as follows:

As to each cause of action at to each Plaintiffs as applicable:

1.  For general damages according to proof;

2.  For special damages according to proof;

3.   For statutory damages under Cal. Civ. Code §§ 52(a) and/or (b), 52.1(b), California Code of Civil Procedure 1021.5, and under any other applicable statute or theory;

00031949.WPD

4. For punitive damages against each individual Defendant;

5. For attorney's fees pursuant to 42 U.S.C. §1988, California Civil Code §52.1, California Code of Civil Procedure 1021.5, and under any other applicable statute or theory;

6. For costs of suit;

7. Declaring, pursuant to 28 U.S.C. §§ 2201-2202 that the acts, policies, rules, regulations, practices, customs, and usages that the defendants engaged in as set forth above violate the legal and constitutional rights of the Plaintiffs.

8. Permanently enjoining defendants and their agents, employees, and successors, and all persons in active concert or participation with defendants, from engaging in the unlawful and unconstitutional acts, policies, rules, regulations, practices, customs, and usages set forth above.

9. Placing the Maywood-Cudahy Police Department under the direct supervision and control of a receiver or special master to be appointed by the Court; directing the receiver or special master to review all existing written and unwritten policies and procedures of defendants with respect to the acts, policies, rules, regulations, practices, customs, and usages set forth above; directing the receiver or special master to modify, amend, or revoke, or to confirm and enforce, existing policies and procedures and to establish such new or additional written policies and procedures as may be necessary and proper; and directing the receiver or special master to implement and enforce appropriate written policies and procedures with respect to the following subjects, among others:

a. Ensuring compliance with constitutional standards governing the use of firearms, the use of force, the conduct of searches, and the use of deadly force.

b. Providing adequate training, certification, and periodic recertification

00031949.WPD

of all officers in the lawful use of force, including firearms and other deadly force.

c.    Specifying departmentally approved weaponless control techniques, and providing for adequate training, certification, and periodic recertification of all officers in the use of such techniques.

d.  Ensuring that members of the public injured by officers receive prompt and appropriate medical care, and that their injuries are catalogued and recorded in police reports and by photographs of all such injuries.

e.  Requiring that all persons in custody be transported to a hospital for examination and treatment by a medical doctor whenever:

i.    the person sustains a head injury, strikes his or her head on a hard object, or sustains a blow to the head, regardless of how minor any such injury may appear;

ii.    the person is choked or is subjected to any control hold involving the neck, regardless of whether or not the person is rendered unconscious;

iii.    the person has any injuries that appear to require medical attention;

iv.    the person requests medical treatment, regardless of whether or not the person has any apparent injuries.

f.  Prohibiting the use of saps in any circumstances, and prohibiting the use of head strikes and strikes to other vital areas of the body by batons or flashlights, punches or kicks, except in cases where there is legal justification for the use of deadly force.

g.  Requiring that searches be conducted in a manner which inflicts the

least amount of damage necessary in order to conduct an adequate search; that officers be required to photograph or videotape the premises before and after each and every search; that officers return to their original location and condition all items displaced in any search; and that the Maywood-Cudahy Police Department pay for the repair or replacement of any property unnecessarily damaged or destroyed in the course of any search.

h.  Recording in writing each instance in which an officer is involved in the use of force in arresting a suspect or in detaining any person, regardless of whether an arrest is made.

i.  Requiring that any officer who participates in or witnesses any incident involving the use of force by an officer shall prepare and submit a departmental report containing detailed information regarding the incident, including:

i.    A full description of the actions of the suspect or member of the public which made the use of force necessary;

ii.   A full description of the specific force used or observed by the officer;

iii.  A full description of any injuries or complaints of injuries sustained by the suspect or member of the public, including photographs or videotapes of the suspect or member of the public;

iv.   A full description of any medical treatment received by and any refusal of such treatment by the suspect or member of the public.

j.  Establishing a system that allows an immediate on-duty supervisor to readily access a historical record of any officer who has used force in a period of

at least the last 5 years, including the identity of the officer(s) involved in the use of force, the file number(s) of the report(s) in which the use of force is reported, and a description of the nature of the force used (*e.g.,* "intentional head strike with baton"; "accidental head strike with flashlight"); requiring periodic review of such records for patterns of unjustified use of force by officers and institution of disciplinary proceedings where appropriate; requiring review of such records whenever a supervisor prepares a departmental performance evaluation of any officer; and requiring that performance evaluations include documentation of any patterns concerning the unjustified use of force.

k.  Providing that, in any situation in which deadly force has been used by an officer and death or serious injury has resulted, there shall be an administrative review of the use of force to determine whether it was in compliance with departmental policy and constitutional standards, and whether departmental policy should be modified in view of the circumstances surrounding the use of such force.

l.  Requiring that, in departmental investigations of officer-involved shootings, other use of deadly force by officers, or complaints of officer misconduct:

    i.    all percipient witnesses (including officers) be segregated from each other as soon as practicable after the incident;

    ii.    such witnesses not be permitted to discuss the incident with any other witness until after all witnesses have been interviewed by departmental investigators;

    iii.    such witnesses not be informed of the contents or substance of the statements of other witnesses until after all witnesses

have been interviewed by departmental investigators; and

iv.     all witness interviews, including interviews of involved officers, be fully and completely tape-recorded.

m.  Indexing by individual officer and maintaining files of complaints by members of the public, Cal. Govt. Code § 910 claims, and lawsuits concerning officer misconduct; adequately investigating such complaints, claims, and lawsuits; and using such files to monitor the conduct of officers.

n. Requiring psychological testing and counseling of officers with a record of using unreasonable or excessive force, making false arrests, filing false charges, engaging in related acts of dishonesty, or engaging in racially motivated misconduct.

o. Maintaining a promotional system which penalizes officers for instances of unjustified use of firearms or unjustified use of force, violence, sexual innuendo, dishonesty, racial or ethnic bias, or other misconduct.

p.     Requiring dismissal of officers involved in instances of sexual misconduct, and/or repeatedly involved in instances of unjustified use of firearms or unjustified use of force, violence, dishonesty, racial or ethnic bias, or other misconduct.

q.  Requiring that, where an investigation discloses any improper use of force by an officer, particularly improper use of force which causes serious bodily injury as defined in Cal. Penal Code § 243, that matter should be referred to the District Attorney's Office for consideration of filing a criminal complaint.

r.  Requiring that, whenever any officer has been judicially determined to have engaged in a violation of constitutional or civil rights, whenever a monetary settlement has been made or a judgment has been rendered based on the use of

00031949.WPD

excessive force by an officer, or whenever any arrest has been made as to which an officer claims to be the victim of a crime:

    i.   a departmental investigation be conducted, regardless of any earlier investigation or the findings thereof;

    ii.   The investigators review all evidence introduced at trial or provided to them by any person, and that they interview all known witnesses including Plaintiffs' trial experts, and interview Plaintiffs' counsel in any lawsuit alleging officer misconduct;

    iii.   a full report be made to the Chief of Police and to the receiver or special master with recommendations for or against disciplinary or criminal sanctions against the officer.

s.  Directing that the defendants seek tangible ways (for example, through disciplinary measures) to establish the principle that racial and ethnic bias will not be tolerated within the Maywood-Cudahy Police Department, and that the defendants establish an adequate program of cultural awareness training and periodic retraining to eliminate racial or ethnic stereotypes for all officers.

t.  Directing that the defendants seek tangible ways to establish the principle that gender bias and discrimination and sexual misconduct will not be tolerated within the Maywood-Cudahy Police Department, and that the defendants establish an adequate program of gender awareness training and periodic retraining to eliminate any and all gender discrimination and sexual misconduct.

///
///

00031949.WPD

10.  For such other and further relief as the Court may deem proper.

DATED: May 12, 2008

**CYNTHIA ANDERSON-BARKER**
**ELLEN HAMMILL ELLISON**
**OLU ORANGE**
**ROBERT MANN**
**DONALD W. COOK**
ATTORNEYS AT LAW

By _____
Donald W. Cook
Attorneys for Plaintiffs

00031949.WPD

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED: May 12, 2008

**CYNTHIA ANDERSON-BARKER**
**ELLEN HAMMILL ELLISON**
**OLU ORANGE**
**ROBERT MANN**
**DONALD W. COOK**
ATTORNEYS AT LAW

By_____

Donald W. Cook
Attorneys for Plaintiffs

00031949.WPD