**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08- 3106 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Manuel Herrera, et al. v. City of Maywood, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):    Defendants' Motion to Dismiss [5]**

Plaintiffs Manuel Herrera, Humberto Herrera and Gerardina Herrera[1] (collectively, "Plaintiffs") bring this RICO and Civil Rights Complaint against Defendants City of Maywood ("City"), the Maywood-Cudahy Police Department ("Police Department"), Bruce Leflar ("Leflar"), in his individual and official capacity, Paul Pine ("Pine"), in his individual and official capacity, Officer Serrata and Does 1-10 (collectively, "Defendants").[2][3]

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) [5]. The Court finds this matter suitable for

---

[1] Despite Plaintiffs' counsel's repeated reference to his client as Manu*a*l Herrera, the Court properly refers to Plaintiff as "Manu*e*l" Herrera.

[2] Initially, Plaintiffs were three of 22 plaintiffs who alleged RICO and Civil Rights violations against the named Defendants herein. Pursuant to Fed. R. Civ. P. 20 and 21, the Court severed each individual party and their respective claims, thereby creating 9 separate lawsuits. *See Camarillo, et al. v. City of Maywood, et al.*, CV 07-03469 ODW (SHx), Docket #43. Following the Court's order, Plaintiffs, individually, filed the instant lawsuit on May 12, 2008.

[3] Although Plaintiffs have named 30 Doe defendants, Local Rule 19-1 allows for no more than 10 Doe or fictitiously named parties.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08- 3106 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Manuel Herrera, et al. v. City of Maywood, et al.* | | |

decision without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.

        The underlying factual allegations of Plaintiffs' claims are culled from one
paragraph within their complaint.   Plaintiffs allege that Defendant Seratta and other
unknown officers wrongfully entered their home and "wrongfully detained, arrested,
searched, assaulted, battered, threatened, and prepared false official reports" about them.
(Compl. ¶ 11.)  Specifically, Plaintiffs allege that Defendant Serrata entered their yard in
plain clothes and pointed a gun at them.  (Compl. ¶ 11.)  Serrata then proceeded to retreat
from Plaintiffs' yard, only to reenter later with other unknown officers.  (Compl. ¶ 11.)
Plaintiffs allege that upon entering the yard, those officers threw Manuel and Humberto
Herrera to the ground, handcuffed them, and then battered them.  (Compl. ¶ 11.) Plaintiffs
also allege that Manuel was thrown against a police car when Defendant Serrata
recognized Manuel as someone he had ticketed a few weeks before.  (Compl. ¶ 11.)
Additionally, Plaintiffs allege that Plaintiff Gerardina was thrown onto her couch and
handcuffed.  (Compl. ¶ 11.)  Subsequently, Plaintiffs Manuel and Humberto allege they
were acquitted on felony charges after having to post bail of $25,000.00.  (Compl. ¶ 11.)

        Other than this one paragraph, Plaintiffs' complaint contains the exact same
sprawling, boilerplate and, in many instances, irrelevant allegations as those in the
Corrected Second Amended Complaint in *Camarillo v. City of Maywood, et al.*, CV 07-
3469 ODW (SHx) (C.D. Cal. 2007) (Docket #61, 65.)  Even Plaintiffs' prayer for relief is
identical to that of the *Camarillo* complaint, without any tailoring to the individualized
facts alleged and/or injuries allegedly sustained.  Defendants' Motion, moreover, seeks to
dismiss the same claims as those sought to be dismissed in *Camarillo*, and consists of
identical arguments in favor thereof.  Further, Plaintiffs' Opposition voices the same
"cut-and-paste" objections.  Thus, because the Court is presented with the same bare
allegations and claims, including the same arguments in favor of and in opposition to
dismissing those claims, the Court adopts its analysis and conclusions previously
discussed and reached in *Camarillo*, and rules as follows:[4]

---

[4] The different factual scenarios giving rise to the claims in this case have been fully considered.  Unless
otherwise indicated, however, the facts of this case do not differ significantly enough from those in
*Camarillo* so as to warrant different conclusions.  Accordingly, unless otherwise stated, the Court's
analysis and conclusions reached in *Camarillo* control.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08- 3106 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Manuel Herrera, et al. v. City of Maywood, et al.* | | |

(1)     Plaintiffs' first cause of action under RICO is DISMISSED without leave to amend[5];

(2)     Plaintiffs' second cause of action for *Monell* liability against the City and the Police Department survives, but Plaintiffs' second cause of action against Defendants Leflar and Pine in their *official* capacities is DISMISSED without leave to amend;

(3)     Plaintiffs' second cause of action for supervisorial liability against Defendants Leflar and Pine in their *individual* capacities is DISMISSED with leave to amend;

(4)     Plaintiffs' third cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine.  To the extent Plaintiffs' third cause of action alleges a § 1983 conspiracy, that claim is DISMISSED with leave to amend;

(5)     Plaintiffs' fourth cause of action is DISMISSED with leave to amend;

(6)     Plaintiffs' fifth cause of action is DISMISSED with leave to amend;

(7)     Plaintiffs' sixth cause of action is DISMISSED without leave to amend only as to claims under Cal. Const. art I, §§ 1 and 7;

(8)     Plaintiffs' eleventh cause of action is DISMISSED without leave to amend; and

(9)     Plaintiffs' twelfth cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine.

*See Camarillo*, CV 07-3469 ODW (SHx) (C.D. Cal. Aug. 27, 2008) (Docket #75.)

---

[5] In this case, Plaintiffs Manuel and Humberto *may* have standing to pursue their RICO claim because of their detention and trial.  (Compl. ¶ 11.)  Even assuming Plaintiffs suffered the required damage to their business or property, however, the requisite "pattern" of racketeering activity remains absent.  Thus, the Court's conclusion that Plaintiffs' RICO claim must be  dismissed is unchanged.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08- 3106 ODW (SHx) | Date | August 27, 2008 |
|----------|----------------------|------|-----------------|
| Title | *Manuel Herrera, et al. v. City of Maywood, et al.* | | |

     The Court notes that correcting the deficiencies described herein presents quite a dubious and challenging task for Plaintiffs.  Should Plaintiffs amend, they shall do so within twenty (20) days from the date of this Order.  In doing so, however, the Court sincerely hopes that any amended complaint is the product of careful thought, deliberation and writing.  "Cut and paste" allegations and frivolous references to independent investigations and judicial proceedings are not only difficult for the Court to decipher, but do nothing to sufficiently state Plaintiffs' relevant claims.  If nothing else, the fact that Plaintiffs' counsel has cut and pasted the same insufficient allegations in all nine of the related Maywood cases, without tailoring any of them to the unique facts of each case, completely undermines the credibility and genuine nature of his clients' claims.  The Court has carefully pointed out which claims are insufficient and why.  Any amended complaint shall address these deficiencies or risk being dismissed without further leave to amend.

**IT IS SO ORDERED**.

|  | ---- | : | 00 |
|--|------|---|-----|
| | Initials of Preparer | RGN | |